WATERS, appellant, v. CRAWFORD.

*Landlord and tenant — redemption by tenant after removal.   Equitable relief.*

S. leased from defendant, premises for a term of ten years, but was removed before the expiration of five years, for non-payment of rent. The plaintiff as receiver of S., within a year after delivery of the premises to the landlord, sought to redeem under the statute (Laws 1842, ch. 240), and for that purpose tendered fifty dollars, claiming that that sum together with the rents received by the landlord, while in possession, from the sub-lessees of S., was sufficient to pay all rent in arrear and all costs and charges incurred by the landlord.   The landlord refusing to restore the premises, plaintiff brought this action, setting out in the complaint the foregoing facts, and asking that he be restored to possession and for general relief.   The court below treating the action as simply one for possession, held the tender insufficient, and rendered judgment for defendant.   *Held*, error; under the prayer for general relief the plaintiff was entitled to an accounting.

APPEAL by plaintiff from a judgment of the special term in favor of the defendant.

This was an action in equity brought by the plaintiff as receiver of the property of James K. Spratt, under an order after return of an execution unsatisfied. Spratt leased premises in New York from defendant, for the term of ten years commencing May 1, 1866. In February, 1871, Spratt was removed from said premises by summary proceedings for non-payment of rent, and the defendant put into possession. The unexpired term exceeded five years, and, after the defendant had been in the receipt of the rent for six months, and

before the expiration of six months from the execution of the warrant, the plaintiff attempted to redeem under the provisions of Chapter 240, Laws 1842, claiming that rents collected by the defendant had paid up all the rents due from plaintiff.

This action was brought to have the defendant restrained from acting as landlord of said premises and to have a decree that plaintiff had properly redeemed the same, and that he be put into possession thereof and for general relief. The plaintiff alleged that defendant had received the rents of the premises since Spratt's removal, amounting to the sum of $1,630, and that the rent accruing under the lease to Spratt and the back rent for the non-payment of which Spratt was removed, together with the cost of the proceedings, were less than that sum; but that the plaintiff, to be more certain, had tendered to defendant fifty dollars and had asked to be allowed to redeem and to be let into possession, which was refused.

The following is the essential part of the judgment at special term, per INGRAHAM, J.:

"I am of the opinion that, under this section (Laws 1842, chap. 240), the lessee or his representatives, must tender all rent in arrear to the time of such payment or tender, and the costs and charges of obtaining possession. There is nothing in the statute which provides for a reduction of the rent in arrear by crediting rents subsequently collected by the owner. What may be the liability of the landlord to account to the lessee after he regains the possession, is not necessary now to be decided, but it is not provided for in this statute that any such credit should be given before the lessee obtains the restoration of the lease.

The provision which allows the tender to be made to the parties, shows that it was not intended that any inquiry should be made as to these credits. He could know from the lease the rent in arrears, and also the amount of costs before him on the proceedings. That he was authorized to receive, but he could not ascertain either the amount of rent collected afterward or the necessary amount of repairs thereon. Entertaining these views as to the proper construction of the statute, it is unnecessary to examine the items of rent claimed and credits to be allowed. If, however, the view I have taken of this construction of the statute be erroneous, and it should be held that the lessee is entitled to credit for the rents received, it could only be for the net receipts after deducting all expenses incurred in ob-

taining possession of the property, and for necessary repairs, and he would be entitled to interest.

This would include the costs whatever the landlord has to pay, and he would be entitled to deduct all expenditures made by him for that purpose. The evident intent of the statute under either construction of the section, is to make the landlord whole by receipt of all rent which had become due prior to the tender. Under either view, I think the tender was insufficient, and the defendants are entitled to judgment."

*H. Brewster*, for appellant.

*J. W. Hawes*, for respondent.

PRATT, J. The complaint is not in express terms a bill to redeem, yet it states the facts necessary for such an action, and in addition to the special relief prayed for, it contains the usual prayer for general relief.

Upon the whole case, as disclosed in the appeal papers, there is no reason to doubt the good faith of the plaintiff in his attempt to redeem, and upon the settled principle of equity, he is still entitled to a redemption upon such terms as may be just. It was, therefore, error at special term to treat the action as brought simply for the possession. An accounting between the parties should have been ordered. Could it be contended that the prayer for general relief is not equivalent to a special prayer for a redemption, yet the court had power to disregard the defect and render an appropriate judgment.

The divergent views entertained by judges of great experience place in a strong light the difficulties under which counsel for the plaintiff labored in determining upon his course, and show that this is not a case where an error should be severely punished. The court at special term seems to have proceeded upon the doctrine, that it had no power to regard this as an equitable action. This was error.

The plaintiff having made a new tender, embracing the amount supposed to be actually due the landlord, the complaint should be amended so as to embrace an absolute offer to pay that amount. Leave is given to the plaintiff accordingly, if he so elects, upon the payment of the costs prior to this appeal. On such election and

payment of costs, judgment is reversed without costs of this appeal, and a reference ordered to try the issues, with instructions to the referee to take proof of all payments by any of the parties, and to state the account between them. A decree can then be made that will do equity.

*So ordered.*